IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BERNARD GIBSON, SR., | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PJM-20-2997 |
| UNITED STATES, | * | |
| Respondent. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Bernard Gibson, Sr.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241, claiming that his supervised release is unconstitutional. (Petition, ECF No. 1). Counsel for Respondent has filed a Response to the Petition. (ECF No. 4). Gibson was provided an opportunity to file a Reply but has not done so. The case is ripe for disposition. The parties' submissions have been reviewed, and no hearing is necessary. *See* Loc. R. 105.6. For reasons that follow, the Petition will be construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and DISMISSED without prejudice.

I. **Background**

On August 3, 2016, President Barak Obama commuted Gibson's life sentence for conspiracy to possess with intent to distribute heroin and cocaine in violation of 18 U.S.C. § 846, "leaving intact and in effect the ten years of supervised release with all its conditions...." *See* Commutations Granted by President Barack Obama (2009-2017) (justice.gov). Pursuant to the commutation and his Judgment and Conviction Order, Gibson was released and is currently on supervised release.

Gibson was convicted of the above described offenses on April 15, 1996, after a jury trial. *United States v. Gibson*, Criminal Action No. PJM-94-454 (D. Md.). The Fourth Circuit affirmed.

*See United States v. Gibson, Sr.*, 187 F.3d 631 (4th Cir. 1999). The Supreme Court granted certiorari, vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Gibson, Sr. v. United States*, 531 U.S. 801 (2000). The Fourth Circuit affirmed the conviction on remand, but vacated the life sentence and remanded the case to this Court with instructions to sentence Gibson to a term of imprisonment not exceeding the thirty-year statutory maximum provided at 21 U.S.C. §841(b)(1)(c). *See United States v. Gibson, Sr.*, 18 Fed Appx. 85 (4th Cir. 2001) (unpublished). Prior to resentencing, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625 (2002), reversing the panel decision. This Court reimposed Petitioner's life sentence in light of *Cotton*, 535 U.S. at 625, and the Fourth Circuit affirmed on appeal, ruling that the District Court properly declined to follow given the Supreme Court's intervening decision in *Cotton*. *See United States v. Blue*, 85 Fed. Appx. 905, 906 (4th Cir. 2004) (unpublished), cert denied, *Gibson, Sr. v. United States*, 541 U.S. 1081 (2004).

Gibson filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. §2255, which this Court denied on August 9, 2006. *See Gibson, Sr. v. United States*, Civil Action No. PJM–05–1437 (D.Md.). The Fourth Circuit dismissed Gibson's appeal and denied a certificate of appealability on February 16, 2007. *See United States v. Gibson*, 218 Fed. Appx. 221 (4th Cir. 2007). A Petition for Writ of Audita Querela was filed by Gibson on June 1, 2007, which was construed as a second § 2255 Motion and dismissed as successive on June 13, 2007. *See Gibson v. United States*, Civil Action No. PJM-07-1293 (D. Md.). Gibson's Motion for Reconsideration was denied on September 7, 2007. The Fourth Circuit dismissed the appeal and denied a certificate of appealability. *See United States v. Gibson*, 255 Fed. Appx. 721 (4th Cir. 2007). On July 22, 2009, Gibson filed another § 2255 Motion which was dismissed as successive on July 28, 2009. *See Gibson v. United States*, Civil Action No. PJM-09-1913 (D. Md.). The Fourth Circuit

dismissed the appeal and denied a certificate of appealability. *See United States v. Gibson*, 359 Fed. Appx. 397 (4th Cir. 2009).

In this Petition, Gibson claims that his period of supervised release is unconstitutional because this Court did not discuss the previously imposed period of supervised release during his resentencing hearing in 2002. (Petition, ECF 1, Trans. ECF 1-2).

## II. Discussion

The threshold question presented by this Petition is whether Gibson's claim is properly raised in a § 2241 petition or is more appropriately construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct Sentence. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28 U.S.C. § 2241(a).[1] In contrast, a § 2255 motion challenges the validity of a conviction or sentence, *see In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc).

Here, Gibson challenges his ten-year term of supervised release, which was left "intact and in effect" in the order of commutation. *See supra.* p. 1. Because Gibson is challenging his federal term of supervised release, the Petition is properly considered as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003) (stating a court may recharacterize a pro se motion "to create a better correspondence between the substance of the motion's claim and its underlying legal basis."); *see also Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (Regardless of the title assigned by the litigant, the subject matter of the motion determines its status.). A petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to

---

[1] Gibson does not assert, much less demonstrate, that the remedy under 28 U.S.C. § 2255 is "inadequate or ineffective to test the validity of his detention," which is required in order to challenge the validity of his sentence in a § 2241 Petition using the "Savings Clause" exception. *See* 28 U.S.C. § 2255(e); *see also United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (outlining criteria to proceed under the "Savings Clause").

his filings, *Calderon*, 523 U.S. at 554, and the Petition will be considered as filed pursuant to 28 U.S.C. §2255.

A petitioner may file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2255 only if he has first obtained an order from the court of appeals authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). As noted, Gibson has previously filed a § 2255 motion, challenging his judgment of conviction. Therefore, the pending Petition represents a second or successive motion challenging his sentence and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters a prefiling authorization order. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h); *see also In re Vial,* 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because Gibson provides no evidence that he has obtained prefiling authorization, the Petition, construed as one filed pursuant to 28 U.S.C. § 2255, will be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(4).

### III. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). The denial of a certificate of appealability does not preclude Gibson from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Gibson has not made a substantial showing of the denial of his constitutional rights, the Court will not issue a certificate of appealability.

### IV.   Conclusion

For the foregoing reasons, the Court will dismiss the Motion for lack of jurisdiction and decline to issue a certificate of appealability. The Clerk shall send a forms and information packet to Gibson to complete and file in the United States Court of Appeals for the Fourth Circuit in the event he wishes to seek prefiling authorization to file a second or successive § 2255 petition. Gibson is reminded that all forms for obtaining prefiling authorization must be filed with the appellate court. A separate Order follows.

__3/18/21__
Date

_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE